POLSTER, District Judge
concurring in part and dissenting in part.
I concur with most of Judge Rogers’ thorough and thoughtful opinion. While I agree that the decision of the district court should be reversed, I would remand the *584 case to permit the district court to analyze the case using the correct legal standard, and without any reliance upon the expert report of Dr. Sommers.
As Judge Rogers states, the district court erred in applying a less stringent Hollis — rather than Strickland — prejudice standard to determine whether to excuse Ambrose’s procedural default. While in retrospect our language in Ambrose I could have been a bit clearer, Judge Rogers’ opinion has reaffirmed our holding that the Strickland standard applies.
Second, as Judge Rogers states, the district court erred in relying at all on the testimony of Dr. Sommers. In the first instance, as Judge Rogers.notes, Dr. Som-mers engaged in racial stereotyping. Any reference to, or reliance upon, racial stereotyping is inconsistent with the holding and theory of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Further, Dr. Sommers’ testimony and conclusions are legally irrelevant. The Constitution does not give a criminal defendant the right to any particular racial composition of his/her petit jury, nor does the Constitution give a defendant the right to a jury that might be deemed less likely to convict.
The Constitutional right involved is the right to have a jury selected by a system that does not under-represent any particular racial or ethnic group. There is no Constitutional guarantee that any given jury will contain any particular number of minority members, or that it will reflect the racial or ethnic composition of the District. The Constitutional right is to a system for selecting jury venires that is likely to yield one that will contain a fair cross-section of the District’s population, whatever the racial or ethnic distribution might be, and that does not under-represent any particular racial or ethnic group. As a result of a computer software glitch, the system used in Kent County, Michigan under-represented African-Americans in the jury pools during the period April 2001 to early 2002.
Accordingly, I would reverse and 'remand the case to allow the district court to analyze the evidence against Ambrose under the correct Strickland standard, and without any reference to Dr. Sommers’, findings.